1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9

10   ELBERT S. CARVER,

11        Plaintiff,                                    Case No. 2:10-CV-02027-KJD-LRL

12   v.                                                 **ORDER**

13   STATE OF NEVADA; CONNOR REICH;
     CHANCE MCCLISH; A. ALBRIGHTON;
14   JOHN DOE; MARCY PETERSON;
     PAULA MILLER; LAS VEGAS
15   METROPOLITAN POLICE
     DEPARTMENT; COUNTY OF CLARK;
16   NEVADA DEPT. OF PRISONS; STATE
     DEPT. OF PUBLIC SAFETY.
17
          Defendants.
18

19
          Presently before the Court is Defendants Connor Reich, Chance McClish and the Las Vegas
20
     Metropolitan Police Department's Motion to Dismiss (#4), and Defendants Clark County and A.
21
     Albrighton's Motion to Dismiss (#15).  Plaintiff filed responses in opposition to both of these
22
     motions (#9) and (#17).  Plaintiff has also filed an Amended Notice of Application for Entry of
23
     Default (#25).
24
     ////
25
     ////
26

**I. Facts**

On January 22, 2007, Plaintiff was parked at a curbside while a passenger exited his vehicle. Two Las Vegas Metropolitan Police Department ("LVMPD") officers subsequently pulled him over for obstructing traffic. The officers were Connor Reich ("Reich") and Chance McClish ("McClish"). The officers obtained Plaintiff's driver's license, proof of insurance, vehicle's registration, and a convicted person's change of address receipt. The stop lasted one hour and twenty minutes while the officers verified the documents provided by the Plaintiff. The officers called and obtained a statement from the Plaintiff's former landlord that as of January 15, 2007, the Plaintiff had not resided at the address listed on his driver's license. (#9, pgs.17, 18). The change of address receipt disclosed that notice of his change of address was January 18, 2007. Plaintiff was arrested for failing to provide timely notice of change of address as a registered sex offender. Plaintiff's vehicle was searched incident to the arrest, whereupon, drug paraphernalia was discovered. Plaintiff was charged with a felony regarding the change of address notification, and a misdemeanor charge for the drug paraphernalia. Plaintiff's arraignment was continued by request from the state to February 26, 2007. Felony charges were filed against Plaintiff on April 13, 2007. Plaintiff was not in attendance for the May 11, 2007 arraignment due to his imprisonment. A summons was issued and the proceeding was continued to June 11, 2007. Plaintiff was not in attendance for the above-mentioned reasons. A bench warrant was issued for the Plaintiff's arrest. On August 8, 2007, Plaintiff was arraigned for the felony charge in justice court. The state severed the felony and misdemeanor charges on August 22, 2007. At the preliminary hearing the court granted the state's motion to dismiss the felony. Plaintiff was tried and convicted of the misdemeanor charge and sentenced to 120 days in prison. Plaintiff was released on November 11, 2007, and filed his original complaint in state court on January 13, 2009 claiming negligence, false imprisonment, unlawful search and seizure, and §1983 violations.

////

////

**II. Relevant Procedural History**

Plaintiff's state court complaint named as Defendants, the State of Nevada, City of Las Vegas, Assistant District Attorney David Roger, and Connor Reich.  The complaint did not list any "doe defendants," or state any intention to add additional Defendants whose names were unknown at the time he filed the complaint.  Plaintiff never served any of the Defendants notice of this complaint. On October 10, 2010, Plaintiff filed an amended complaint in state court.  The amended complaint included additional Defendants not listed in the original complaint;  LVMPD, A. Albrighton, John Doe, Marcy Peterson, Paula Miller, County of Clark, Nevada Dept. of Prisons, State Dept. of Public Safety, and Chance McClish.  Defendants LVMPD and its officers Reich and McClish were served with notice on November 3, 2010, and removed the matter to Federal District Court on November 19, 2010, pursuant to 42 U.S.C. §1983, and other constitutional claims including unlawful search and seizure.

**III.  Legal Analysis**

**A.  Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The *Iqbal* evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal

1   conclusions, bare assertions, or merely conclusory.  Id. at 1949–51.  Second, the Court considers the

2   factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the

3   allegations state plausible claims for relief, such claims survive the motion to dismiss.  Id. at 1950.

4   Additionally, the courts are to hold pro se complaints to a less stringent standard than formal

5   pleadings drafted by lawyers.  See Reynolds v. Wolff, 916 F.Supp. 1018, 1021 (9th Cir. 1996).  This

6   Court has held Plaintiff's pleadings to this standard.

7            **B. Defendants LVMPD, and Clark County**

8            Plaintiff's 42 U.S.C. §1983 claims against the Las Vegas Metropolitan Police Department

9   and Clark County fail as a matter of law.  Section 1983 provides,

10           Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any
             State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen
11           of the United States or other person within the jurisdiction thereof to the deprivation of any
             rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the
12           party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

13   Municipalities and other local government units are included in that group of "persons" referred to in

14   §1983.  Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978).  A plaintiff may only

15   establish municipal liability under §1983 by demonstrating one of the following three factors:  1) a

16   city employee violated Constitutional rights either pursuant to an official policy or informal practice

17   of the city, 2) the violator held final policy-making authority, or 3) a person with final policy-making

18   authority ratified the unconstitutional behavior.  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.

19   1992).  Additionally, "only if a plaintiff shows that his injury resulted from 'permanent and well

20   settled' practice may liability attach for injury resulting from a local government custom."  McDade

21   v. West, 223 F.3d 1135, 1141 (9th Cir. 2000).

22           Plaintiff asserts municipal liability against LVMPD for employing Defendants Reich and

23   McClish, and against Clark County for employing deputy district attorney A. Albrighton.  Plaintiff

24   has failed to argue or plead any plausible facts to establish and satisfy any of the elements described

25   in Monell above.  Particularly, there is a complete absence of discussion from the Plaintiff regarding

26   any "well settled" practice or government custom that can be attached to the injuries claimed.

1    Furthermore, the statute of limitations for §1983 claims in Nevada is two (2) years as set forth

2 in N. R. S. 11.190(4).  See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989).  Plaintiff's original

3 complaint fails to list any doe defendants or indicate any intention to reserve the right to identify

4 them in the future, therefore, Plaintiff's amended claims, brought against Clark County cannot relate

5 back to the original complaint.  See Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873,

6 881(1991).  The 2 year period of limitations expired on January 23, 2009.  The amended complaint

7 was not filed until October 10, 2010.

8    **C.  Officers Reich and McClish**

9    The Court finds officers Reich and McClish are entitled to qualified immunity as Plaintiff's

10 claims are brought against them in their individual capacities.  Government officials receive qualified

11 immunity from civil damages unless their conduct violates "clearly established statutory or

12 constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457

13 U.S. 800, 818 (1982).  To determine whether qualified immunity attaches, the Court first determines

14 whether, taken in the light most favorable to the plaintiff, the conduct of an officer violated

15 plaintiff's constitutional rights.  Saucier v. Katz, 533 U.S. 194, 201 (2001); see also  Pearson v.

16 Callahan, 555 U.S. 223 (2009) (noting that the exact sequence of analysis proscribed by Saucier v.

17 Katz is often beneficial, though not mandatory).  If the plaintiff cannot show a constitutional

18 violation, then there is no reason for further discussion.  Saucier v. Katz, 533 U.S. at 201.  However,

19 if a plaintiff demonstrates a violation, the court then determines whether the right was clearly

20 established.

21    Furthermore, the Ninth Circuit interpreted N.R.S. 41.032 (officers are immune from suits

22 resulting from their discretionary acts whether or not the discretion is abused) to bar claims against

23 law enforcement officers for battery, false imprisonment, and negligence based upon performance of

24 discretionary acts.  Carey v. Nevada Gaming Control Brd, 279 F.3d 873, 878 (9th Cir. 2002).

25    In this case, the Defendants used discretion in stopping the Plaintiff and in verifying the

26 documentation regarding his change of address status.  The officers contacted Plaintiff's landlord and

1   received verification that Plaintiff had not met the statutory 48 hour requirement under Nev. Rev.

2   Stat. Ann. §179D.470.  Even when taken in a light most favorable to the Plaintiff, there is a lack of

3   factual support to bolster Plaintiff's argument that any of his constitutional rights were violated.  The

4   facts clearly show that the officers called the landlord to obtain the information needed to compare

5   with the change of address receipt.  The officers arrested Plaintiff with a reasonable belief that he

6   was in violation of the Nevada statute.  Plaintiff is unable to show through facts or otherwise that any

7   of the officers actions were done maliciously or with some intent to deprive Plaintiff of his

8   constitutional rights.  Plaintiff submits as factual evidence the officer's declaration of arrest (#9, pgs.

9   17-18) which supports the officer's reasonable beliefs and actions.  Because Plaintiff has failed to

10  show there was a constitutional violation there is no need for further analysis on this topic.

11          Even if the Court were to find that qualified immunity did not apply to Defendants Reich and

12  McClish, Plaintiff's claim would still fail under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck

13  the Supreme Court found that civil litigants convicted of a crime cannot maintain a cause of action

14  pursuant to §1983 if a judgment in favor of the plaintiff in the civil action would imply the plaintiff's

15  conviction or sentence was invalid.  Id at 487.  The Supreme Court in Wilkinson v. Dotson, 544 U.S.

16  74 (2005), additionally found that a prisoner's §1983 action is barred, no matter the relief sought, no

17  matter the target of the prisoner's suit, "if success in that action would necessarily demonstrate the

18  invalidity of confinement or its duration."  Id. at 82.

19          Here, it is undisputed that the state severed the felony and misdemeanor charges, and

20  Plaintiff's felony charge was dismissed in state court.  Under Heck, Plaintiff cannot, in this civil

21  action, use the dismissal of the felony charge to imply that his misdemeanor conviction is invalid.

22  Because Plaintiff has not successfully appealed the misdemeanor conviction in the state court he is

23  barred form bringing his §1983 tort action against Defendants.

24          **D.  Deputy District Attorney A. Albrighton**

25          The courts are "virtually unanimous that a prosecutor enjoys absolute immunity from §1983

26  suits for damages when he acts within the scope of his prosecutorial duties." Imbler v. Pachtman,

1   424 U.S. 409, 420 (1975).  The justification for this immunity is given in Imbler, "if a prosecutor had

2   only a qualified immunity, the threat of §1983 suits would undermine performance of his duties no

3   less than would the threat of common-law suits for malicious prosecution" Id. at 424.  In County of

4   Washoe, the Supreme Court of Nevada held, "a district attorney is immune from damages for his

5   actions and conduct arising from the performance of his criminal prosecutorial function." County of

6   Washoe v. Second Judicial District Court, 98 Nev. 456, 457 (S.Ct. 1982).  The court further states

7   that, "this wildly recognized doctrine of common law immunity also extends to the district attorney

8   in the performance of his civil obligations." Id.

9       Defendant Albrighton was acting within the scope of his duties as deputy district attorney by

10   requesting a continuance for Plaintiff's arraignment.  Mere conjecture by the Plaintiff regarding the

11   malicious intent behind Defendant's actions for the continuance are unsupported with any material

12   fact or evidence set forth in Plaintiff's complaint.  Additionally, the statute of limitations has run

13   barring Plaintiff from relating Defendant Albrighton back to the original complaint for the same

14   arguments provided above for Defendants LVMPD and Clark County.

15   **IV. Conclusion**

16       Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#4)is

17   **GRANTED;**

18       **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#15) is **GRANTED;**

19       **IT IS FURTHER ORDERED** that Plaintiff's  Motion of Entry of Clerk's  Default is

20   **DENIED;**

21       **It is FURTHER ORDERED** that Plaintiff's  Motion to Supplement Response (#21) is

22   **DENIED.**

23       DATED this 1st day of June 2011.

24

25       _____

26       Kent J. Dawson
         United States District Judge